UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| TROY GARDNER, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 25-178-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| OFFICER ASHLEY CARLISLE, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

Plaintiff Troy Gardner is a resident of Winchester, Kentucky. Proceeding without a lawyer, Gardner filed a Complaint with this Court, together with a motion for leave to proceed *in forma pauperis*, which the Court granted by a prior Order. Accordingly, the Court screens the Complaint pursuant to 28 U.S.C. § 1915(e)(2). The statute requires dismissal of any portion of the complaint that is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. At this stage, the Court accepts Gardner's factual allegations as true and construes his complaint liberally in his favor. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir. 2003).

Gardner is serving a term of probation after being convicted of crimes in the Fayette Circuit Court. *See Commonwealth v. Gardner*, 24-CR-160 (Fayette Cir., July 11, 2024). He alleges that on May 1, 2025, probation officer Ashley Carlisle warned him that his behavior put him at risk of being discharged from the New Day Recovery Center. Specifically, Carlisle informed Gardner that "he was litigating when he was supposed to be working on recovery," "had an attitude," and had attempted to manipulate the Center's policy restricting personal electronic devices. Gardner further alleges that Carlisle told him that if the Center discharged him for "exercising his right to

litigate . . . she would incarcerate him without investigating the reason for the discharge." Gardner reports that the threat of discharge and incarceration have stopped him from litigating a civil rights case (*Gardner v. Lexington Fayette Urban Cnty. Gov't*, 24-CI-1170 (Fayette Circuit Court Mar. 26, 2024)) and a habeas corpus petition (*Gardner v. Porter*, 5: 25-CV-117-KKC (E.D. Ky. May 13, 2025)).

Gardner also named "Jane Doe/Jane Doe" as a defendant but does not include any reference to this defendant in the narrative portion of his Complaint. Gardner alleges that Carlisle violated his rights under the First Amendment to the United States Constitution and seeks $200,000 "from each defendant" under 42 U.S.C. § 1983.

Gardner does not say whether he intends to sue Carlisle in her official or individual capacity. However, an official-capacity claim against Carlisle is no different than a claim against the Commonwealth of Kentucky itself. *See Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)); *Fry v. Lamb*, No. 5: 20-CV-5-TBR, 2020 WL 2559953, at *2 (W.D. Ky. May 20, 2020) (providing that "[a] probation officer is a state employee"). And claims for damages against the Commonwealth of Kentucky are barred by the Eleventh Amendment to the United States Constitution, which denies federal courts "authority to entertain a suit brought by private parties against a state without its consent." *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treas. of Indiana*, 323 U.S. 459, 464 (1945)). Additionally, a state employee sued in her official capacity is not a "person" for purposes of suit under 42 U.S.C. § 1983. *Will v. Mich. Dep't of State* Police, 491 U.S. 58, 71 (1989). Accordingly, any official-capacity claim against Carlisle will be dismissed.

Gardner's individual-capacity claim against Carlisle also fails, but for a different reason. "A probation officer performing duties to ensure that a probationer is complying with the terms of

probation and evaluating that compliance is entitled to absolute, quasi-judicial immunity from liability in a civil rights case." *Fry*, 2020 WL 2559953, at *2 (citing *Loggins v. Franklin Cnty., Ohio*, 218 F. App'x 466, 476-77 (6th Cir. 2007); *Timson v. Wright*, 532 F.2d 552, 552 (6th Cir. 1976) (per curiam)). *See also Martin v. Dep't of Probation*, No. 1: 14-cv-00075, 2014 WL 3362236, at *1 (M.D. Tenn. July 8, 2014). Accepting Gardner's allegations as true, all of Carlisle's alleged actions were related to ensuring that Gardner was complying with the terms of his probation. Thus, he fails to state a claim upon which relief can be granted because Carlisle is entitled to immunity.

Based on the foregoing, it is hereby **ORDERED** as follows:

1.  Plaintiff Troy Gardner's Complaint [Record No. 1] is **DISMISSED** with prejudice.
2.  This matter is **STRICKEN** from the docket.

Dated: May 22, 2025.

<u>Danny C. Reeves, District Judge</u>
United States District Court
Eastern District of Kentucky